BALTIMORE & ΅OHIO SOUTHWESTERN RAILROAD COMPANY *v.* ABEGGLEN, ADMINISTRATRIX.

[No. 6,225. Filed April 28, 1908.]

1. PLEADING. — *Complaint.* — *Railroads.* — *Negativing Contributory Negligence.*—In an action against a railroad company for negligently killing plaintiff's decedent at a highway crossing, the complaint need not negative contributory negligence. p. 605.

2. SAME.—*Complaint.*—*Allegations.*—*Recitals.*—A complaint to recover damages caused by defendant's negligence must allege directly the acts constituting the negligence, mere recitals being insufficient. p. 606.

3. SAME.—*Complaint.*—*Railroads.*—*Negativing Contributory Negligence.*—Where a complaint against a railroad company states facts from which an inference might or might not arise that the person killed was guilty of contributory negligence, the complaint must directly negative such contributory negligence. p. 606.

4. RAILROADS.—*Highway Crossing Signals.*—*Purpose.*—The purpose of requiring railroad companies to give the statutory signals at highway crossings is to notify travelers of the approach of trains, and if such travelers have notice otherwise of such approach, the giving of such signals is useless. p. 607.

5. PLEADING.—*Complaint.*—*Railroads.*—*Highway Crossing Accident.* —*Contributory Negligence.*—A complaint alleging that defendant railroad company ran its train over·a highway crossing without sounding the whistle or ringing the bell, and that by reason thereof decedent drove his team within two feet of the south rail of the track before he discovered the train; that he could not turn his team to either side, and that decedent became frightened

and confused and in attempting to drive across the track was killed, fails to state a cause of action. p. 608.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Lucy Abegglen, as administratrix of the estate of Ulrich Abegglen, deceased, against the Baltimore & Ohio Southwestern Railroad Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. *Reversed.*

*Edward Barton, Charles L. Jewett, Henry E. Jewett* and *Ward H. Watson,* for appellant.

*Willard Phipps, L. A. Douglass* and *George C. Kopp,* for appellee.

RABB, J.—Appellee's intestate was killed in a collision with appellant's engine and passenger-train at a highway crossing. The appellee's administratrix sues to recover damages for her intestate's death, charging that the same resulted from the negligence of the appellant. The complaint was in two paragraphs. A demurrer to each paragraph was overruled, answer filed, the cause tried by a jury, a verdict returned in favor of appellee, and judgment rendered on the verdict. Appellant's motion for a new trial was overruled.

The questions presented by the record arise upon the action of the court in overruling the demurrer to the complaint, and in overruling appellant's motion for a new trial.

The act of negligence charged against appellant is the failure of its servants in charge of the locomotive which is alleged to have collided with appellee's intestate to sound the statutory signals in approaching the crossing at the time and place the accident is alleged to have occurred. It is claimed that the first paragraph of complaint is bad because it fails to show by proper averments that the deceased used due care in approaching the crossing.

Since the enactment of the act of February 17, 1899 (Acts 1899, p. 58, §362 Burns 1908), no such showing need

be made in the complaint in an action to recover
1. damages for personal injuries charged to have been
received through the negligence of the defendant,
unless the complaint avers facts raising an inference
of contributory negligence on the part of the plaintiff.
*Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229.
The second paragraph of the complaint avers that there
were trees standing along the south side of appellant's
right of way east of the highway crossing in question,
which obstructed the view of a traveler driving a team on
said highway and approaching said crossing from the south,
so that he could not see an approaching train from the east
on said railroad until his horses' heads were over the south
rail. The complaint then contains the following averments
regarding the accident by which plaintiff's intestate is al-
leged to have lost his life: "That plaintiff's decedent, while
traveling north on said highway, and while driving a double
team which was hitched to a wagon, and in order to reach
his destination, was compelled to cross defendant's track at
McCulloch's crossing, and while approaching said crossing
the defendant carelessly and negligently failed and omitted
to sound any warning of the approach of its locomotive,
which was drawing a passenger-train and traveling west on
said railroad track, and carelessly and negligently failed to
sound the whistle on said locomotive when the same was not
less than eighty rods nor more than one hundred rods from
said crossing, and carelessly and negligently failed and
omitted to ring the bell on said locomotive continuously
when said train was not less than eighty rods nor more than
one hundred rods from said crossing, and until the same
had passed said crossing, by reason of which failures de-
cedent drove his team within about two feet of the south
rail of the crossing of defendant's track before he discov-
ered defendant's train approaching from the east, and run-
ning at the rate of about forty-five miles an hour; that ow-
ing to the location of the highway at said crossing decedent

could not turn his team to the left, for the reason that it would have placed the off horse of his team upon the railroad track and his wagon would have been overturned; that decedent could not turn his team to the right on said highway, for the reason that defendant's fence, which extended from its right of way to the cattle-guard, was too close to the wagon way, and prevented his turning his team to the right; that when decedent was placed in the position described he became frightened, bewildered, greatly excited, and lost his presence of mind, and while in said position and condition he attempted to cross said railroad track, and was run at, against, upon and over by defendant's train which was approaching from the east, as aforesaid. * * * Plaintiff says that it was owing to the carelessness and negligence of defendant in failing and omitting to sound the whistle and ring the bell on said locomotive while the same was approaching said crossing, as aforesaid, that decedent met his death as herein alleged.''

A complaint to recover damages resulting from negligence must aver in direct terms the acts or omissions of the defendant that are relied upon as constituting the negligence. It is not sufficient that they appear by way of recital or necessary inference. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, and cases cited.

It is not ordinarily necessary that the complaint should aver that the injury occurred without fault or negligence on the plaintiff's part, contributory negligence being a matter of defense; but if the facts averred in the complaint leave an inference of contributory negligence on the part of the plaintiff, then it is necessary that the complaint allege that the injury occurred without fault or negligence on his part, or state facts showing clearly that he was blameless. 5 Ency. Pl. and Pr., 7; 1 Thompson, Negligence (2d ed.), §385; *Board, etc.,* v. *Creviston* (1892), 133 Ind. 39; *Indianapolis, etc., R. Co.* v. *Wilson* (1893), 134

Ind. 95. The averments in this complaint, undertaking to charge the appellant with negligence, are that while the deceased was approaching the crossing in question, along the highway from the south, "the defendant carelessly and negligently failed and omitted to sound any warning of the approach of its locomotive, which was drawing a passenger-train and traveling west on said railroad track, and carelessly and negligently failed to sound the whistle, * * * and carelessly and negligently failed to ring the bell, * * * by reason of which failures decedent drove his team within about two feet of the south rail of the crossing of defendant's track before he discovered defendant's train approaching from the east, and running at the rate of about forty-five miles per hour."

It is open to debate whether the averments of the approach of appellant's locomotive to the crossing from the east, are sufficiently direct; but, treating the complaint as sufficient in this respect, does it not appear from the facts averred that the decedent's own rash acts, and not the negligent acts of the defendant, complained of, were the cause of his death?

The object and purpose of the law requiring those in charge of locomotive engines approaching highway crossings to sound the whistle and ring the bell is to no-

4. tify travelers on the highway of the presence of the engine, that they may protect themselves from collision with it at the crossing. If the traveler on the highway has knowledge of the approach of the locomotive before he attempts to cross, and in time to avoid a collision with the same, then every purpose of the law is served, and the failure to sound the signals becomes immaterial. *Pakalinsky* v. *New York, etc., R. Co.* (1880), 82 N. Y. 424, 2 Am. and Eng. R. R. Cas. 251.

From the averment in the complaint that, "by reason of which failure, decedent drove his team within about two

feet of the south rail of the crossing of defendant's track before he discovered defendant's train approaching,'' etc., it is to be inferred that when the decedent's team was within two feet from the south rail of the crossing he did discover the near and rapid approach of the defendant's train. He was then in a place of safety. He had not then entered upon the crossing. Both he and his team were safe. It is averred in the complaint that he could neither turn to the right nor to the left, but for aught that appears he could easily have backed his team farther away from the crossing, had that been necessary, but it does not appear but that he would have been entirely safe had he stopped his team at the time he discovered the approaching engine. There is no averment in the complaint that his team was unruly, that it was frightened at the approach of the train, that it would not have stood still while the train was passing nor that any conduct of his team did in any way, or would in any way, have imperiled the deceased. The averments of the complaint show that, with the knowledge on the part of the deceased that the train was near and rapidly approaching, while he was still in a place of safety, he suddenly became frightened, bewildered, greatly excited, and lost his presence of mind, and while in said position and condition attempted to cross the railroad track, and as a consequence was run upon and over by the defendant's train. We think it thus appears that it was the act of the deceased, while he was thus deprived of his senses, that brought about his death, and not the negligence of the appellant in failing to sound the whistle or ring the bell.

It is sought to excuse this act of the deceased in driving in front of the approaching engine, which he must necessarily, if he had had his wits about him, have known would result in his serious injury or death, and charge responsibility for its consequence upon appellant, by the averment that appellee suddenly became frightened, be-

wildered, and lost his presence of mind. What caused him to be suddenly so frightened and bewildered, and to lose his presence of mind, is not stated. It is not averred that this condition of mind was produced by any act, negligent or otherwise, of the appellant. It is the theory of the appellee that this mental aberration was produced by the negligence of the appellant in failing to give the warning signals, but it is not averred in the complaint that this condition was produced by this cause, nor can the court infer that it was produced by this cause. It is not even averred in the complaint that this mental condition of the deceased was caused by the sudden and unexpected appearance of the appellant's train. Therefore, the appellant not being chargeable with the deceased's mental condition that deprived him of the exercise of that care to prevent injury to himself that men of ordinary prudence would exercise under like circumstances, rash and inconsiderate acts done by him in consequence of such deprivation, resulting in his injury, cannot be charged to the appellant. The theory of this paragraph of the complaint is that appellant did a rash thing in driving in front of the locomotive, and that he did this because he was deprived of his presence of mind. To render the defendant liable it should appear by clear and direct averment that the defendant negligently did, or omitted to do, some thing that it was its duty to do or omit that thus destroyed the deceased's mental ability to take care of himself.

Judgment reversed, with instructions to the court below to sustain the demurrer to the second paragraph of appellee's complaint.

Hadley, Comstock and Myers, JJ., concur; Roby, C. J., not present; Watson, J., not participating.