Kinmore v. Cresse—53 Ind. App. 693.

---

# KINMORE v. CRESSE.

[No. 7,957. Filed June 25, 1913.]

1. NEGLIGENCE.—*Injuries to Travelers on Highway.—Complaint.— Allegations.—Contributory Negligence.*—A complaint in a negligence case alleging that plaintiff was traveling in a buggy driven by her uncle upon a public highway, that she saw defendant approaching behind them in an automobile, and that when the machine was about 300 or 400 feet distant plaintiff requested her uncle to stop the horse so she could get out, and while getting out she signalled defendant to stop the automobile, which was then about 200 feet away and running slowly, and that plaintiff had crossed the highway and was standing on the other side off the traveled part, when defendant negligently ran the automobile against her, is not open to the objection that it leaves an inference of contributory negligence on plaintiff's part. p. 695.

2. NEGLIGENCE.— *Complaint.— Sufficiency.*—A complaint showing that defendant owed the plaintiff a duty and containing a general charge of the negligent failure to discharge that duty, which resulted in the injury complained of, is sufficient to withstand a demurrer. p. 695.

3. PLEADING.—*Certainty.—Motion to Make Specific.*—Where a motion to make more specific might properly have been sustained, it is not reversible error to overrule it, if the pleading is sufficiently specific to make apparent the precise nature of the charge the defendant is called upon to meet and defend. p. 696.

4.. NEGLIGENCE.—*Complaint.—Ruling on Motion to Make Specific.*— In an action for injuries to plaintiff by the defendant's automobile, where the complaint specifically stated the position of the parties, what was done by each and the result, and charged that the automobile was in the possession and control of defendant and was by him negligently run against plaintiff "in a manner

unknown to her", the overruling of a motion to make the complaint more specific was not erroneous, since it is evident from the averments that the details called for relate to matters about which defendant must have had better knowledge than the pleader. p. 697.

5. APPEAL.—*Review.*—*Instructions.*—No reversible error is shown in the giving or refusing of instructions, where the instructions given, when considered as a whole, fairly and fully state the law applicable to the issues and evidence, and those refused, in so far as applicable and correct, were covered by those given. p. 698.

From White Circuit Court; *James P. Wason,* Judge.

Action by Melissa E. Cresse against Thomas Kinmore. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Palmer & Carr* and *R. R. Cummings,* for appellant.
*Addison K. Sills, Jr.,* and *Sills & Million,* for appellee.

FELT, J.—Suit by appellee against appellant to recover damages for injuries sustained by being struck by an automobile owned and operated by appellant. The complaint was in one paragraph. Appellant's demurrer thereto was overruled, as was also his motion to make more specific. Answer in general denial. Trial by jury, finding and verdict for appellee. Appellant's motion in arrest of judgment was overruled. Judgment rendered on the verdict. Appellant's motion for a new trial was also overruled. Appellant assigns as errors the overruling (1) of his demurrer to the complaint; (2) his motion to make more specific; (3) his motion in arrest of judgment; (4) his motion for a new trial.

In substance, the complaint alleges that appellee in August, 1909, was traveling in a buggy drawn by a horse, driven by her uncle Enos Nice, upon a public highway running east and west in Princeton Township, White County, Indiana; that while so traveling, she saw appellant and another gentleman coming behind them in an automobile and traveling in the same direction; that when the automobile was about three or four hundred feet distant, appellee re-

quested Nice to stop the horse that she might get out of the buggy, which he did, stopping on the south side of the highway; that while in the act of getting out of the buggy, appellee signalled appellant to stop the automobile, which was running at a very low rate of speed, and was then about two hundred feet away; that appellee started across the highway immediately, and had crossed it and was standing off at the north side, and off the traveled part of the highway, when appellant, who was then in possession and control of the same, carelessly, negligently and recklessly, in a manner unknown to appellee, ran said automobile toward and against her, thereby knocking her down and injuring her.

It is urged that the complaint is insufficient because it does not directly allege any acts or omissions on the part of appellant, constituting negligence; that the facts

1. averred leave an inference of contributory negligence on appellee's part, as the complaint discloses that she left the buggy (a place of safety) without necessity, and moved across the highway to a place of danger. The complaint is not subject to the criticism of raising an inference of contributory negligence on the part of appellee. True, it is averred she got out of the buggy but it is also charged that she had crossed the highway and was standing at the side thereof when struck by the automobile. For this reason, the rule announced in *Baltimore, etc., R. Co.* v. *Abeggelen* (1908), 41 Ind. App. 603, 606, 84 N. E. 566, even if correct, has no application here. It has been uniform-

2. ly held in this State that a general allegation of negligence is sufficient to withstand a demurrer for want of facts, unless the contrary appears from the specific facts averred. The complaint in this case shows that appellant owed a duty to appellee and contains a general charge of the negligent failure to discharge that duty which resulted in the injury of which the plaintiff complains. This is sufficient to withstand the demurrer. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Louisville,*

etc., R. Co. v. Bates (1897), 146 Ind. 564, 566, 45 N. E. 108; Rogers v. Baltimore, etc., R. Co. (1898), 150 Ind. 397, 403, 49 N. E. 453.

It is next insisted that the court erred in overruling appellee's motion to make the "complaint more specific so as to show how and in what manner the defendant ran 3. and operated the automobile" and "in what the alleged carelessness and negligence of the defendant consisted in the use of said automobile * * * by reason of which the plaintiff was injured." In Pittsburgh, etc., R. Co. v. Simons (1907), 168 Ind. 333, 79 N. E. 911, on page 339, our Supreme Court said: "It has often been held by this court that a general charge of negligence is sufficient as against a demurrer, but if a defendant desires a more specific charge he is entitled to it upon motion, if made in due season. But the rule has its limitations. A plaintiff is required to charge his cause of action in direct and certain terms, yet he is not required to go into an elaboration of details beyond what is reasonably necessary, fully and distinctly to inform the defendant of what he is called upon to meet. Alleman v. Wheeler (1885), 101 Ind. 141. * * * The maintenance and operation of an unblocked switch knowingly at a much-frequented place, and knowingly backing a train over the place without looking ahead of the moving cars, constitute the negligent acts complained of, and we are at a loss to see how an amplification of details, beyond what is given in the complaint, could increase the defendant's knowledge, or strengthen it in the preparation of its defense. We, therefore, think the court did not err in overruling the defendant's motion to make the complaint more specific." Where the motion to make more specific might properly have been sustained, it is not reversible error to overrule it, unless by so doing the defendant is deprived of some substantial right by the failure of the pleading to fully and specifically disclose to him the character of the charge made against him. If the pleading is sufficiently specific

to make apparent the precise nature of the charge, the defendant is called upon to meet and defend, he is not harmed by overruling such motion. *Trayser Piano Co.* v. *Kirschner* (1880), 73 Ind. 183; *Lewis* v. *Albertson* (1899), 23 Ind. App. 147, 151, 53 N. E. 1071; *American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305, 309, 36 N. E. 659; *Ohio, etc., R. Co.* v. *Craycraft* (1892), 5 Ind. App. 335, 32 N. E. 297; Elliott, App. Proc. §665. The complaint in this case

4. specifically states the position of the parties, what was done by each and the result. Furthermore, it is charged that the automobile was in the possession and control of appellant and was by him negligently run against appellee ''in a manner unknown to her'', while she was standing on the north side of the highway. In *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348, 352, 58 N. E. 842, it was held that the defendant had the right to have ''the plaintiff to state specifically the facts constituting alleged negligence, where it is not done, and no sufficient excuse is disclosed for such failure.'' In addition to the averment that she did not know the manner in which the automobile was run, the facts alleged show that the particular details relating to the condition and operation of the automobile, in all probability, were unknown to appellee and known to the appellant. While particular cases may be found where a very strict application has been made of the rule requiring specific averment of the details entering into the acts, omissions or conditions constituting the alleged negligence, yet the reason of the rule must always be considered in deciding any particular case. The rule is intended to subserve the purpose of giving the defendant full and definite information in regard to the charge made against him, and where, as in this case, he was fully informed by the averments of the complaint, no good purpose could have been subserved by sustaining the motion, and no harmful error was committed in overruling it. It is difficult to see in what respect any additional detailed state-

ment of the acts or omissions which constituted the alleged negligence could add to appellant's knowledge of the transaction, and the charge made against him or aid him in his defense. §385 Burns 1908, §376 R. S. 1881; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99. In *Gerard* v. *Jones* (1881), 78 Ind. 378, the principle was announced that the rule requiring definite and specific averment of facts is not to be strictly enforced in reference to details where the general averments clearly show the gist of the charge against the defendants and the details called for relate to matters about which it is evident, they must have had better knowledge than the pleader.

Objection is made to some of the instructions given by the court and to the refusal to give certain instructions tendered by appellant. We have carefully examined the instructions and find no question of sufficient importance to justify the extension of this opinion by a detailed discussion of the questions suggested. The instructions given, when considered as a whole, fairly and fully state the law applicable to the issues and evidence. Those tendered and refused, in so far as applicable and correct, were covered by those given. There was no error in overruling the motion in arrest of judgment or for a new trial. The case seems to have been tried fairly and impartially and we find no error prejudicial to appellant.

Judgment affirmed.

Note.—See, also, under (1) 29 Cyc. 578; (2) 29 Cyc. 569; (3) 31 Cyc. 646, 669; (5) 38 Cyc. 1711; 1778. As to sham pleadings and the relief obtainable against them, see 113 Am. St. 639. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648.