HASKELL AND BARKER CAR COMPANY *v.* ERICKSON.
ADMINISTRATRIX.

[No. 10,329. Filed October 14, 1920.]

1. APPEAL.—*Review.—Harmless Error.—Overruling Motion to Make Pleading More Specific.*—To constitute reversible error, the overruling of a motion to make a pleading more specific must be shown affirmatively to have injured the complaining party. p. 661.

2. MASTER AND SERVANT.— *Electricity.— Employers' Liability Act.—Negligence.—Pleading.*—A complaint under Acts 1911 p. 145, §8020a *et seq.* Burns 1914, charging failure to guard and insulate appliances in machinery for generating electricity, failure to warn an inexperienced workman of the danger in working in close proximity thereto, and failure to shut off the current and power while making alterations in the appliances, which were charged with a deadly current or voltage of electricity, and averring that by reason of said negligent acts and

omissions such employe was killed, that guards and insulating apparatus were at the time in common use and could have been procured at moderate expense, as defendant knew, and plaintiff's inability to give further particulars, *held* to show sufficiently that the injuries were suffered by reason of defendant's negligence, when construed in accordance with the liberal rule required by the provisions of the Code of Civil Procedure (§§343, 385, 407 Burns 1914, §§338, 376, 398 R. S. 1881.)    p. 661.

3.    EVIDENCE.—*Opinion Evidence.*—*Medical Experts.*—*Cause of Death.*—*Nature and Character of Burns.*—*Electricity.*—The nature and character of burns found on the breast of decedent and the effect of an electrical current sufficient to produce the same were matters calling for expert knowledge, and a physician who testified to much experience in treating burns caused by electricity, and who had detailed the peculiar character of such burns, and testified that, as coroner, he had examined the body of decedent shortly after death, was properly permitted to testify that he found electrical burns on the breast of decedent and that in his opinion the effect of a current of electricity sufficient to cause such burns would be death.    p. 661.

4.    APPEAL. — *Instructions.* — *Harmless Error.* — There was no harmful error in the giving or refusing instructions where the instructions given, when taken as a whole, fairly stated the law of the case, where all applicable instructions refused were covered by those given, and where it appears from the undisputed evidence and the answers to interrogatories that substantial justice has been done.    p. 662.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Elida Erickson, as administratrix of the estate of Gus Erickson, deceased, against the Haskell and Barker Car Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Cornelius R. Collins, Jeremiah B. Collins* and *Grant Crumpacker,* for appellant.

*Harry B. Tuthill, Walter C. Williams* and *Lorenzo A. Glasscott,* for appellee.

REMY, J.—This is an action for damages for the death of appellee's decedent caused by the alleged negligence

MAY TERM, 1920. 659

Haskell, etc., Car Co. *v.* Erickson, Admx.—73 Ind. App. 657.

of appellant company, and is brought under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914). The complaint is in one paragraph and, in so far as is necessary to a proper determination of the questions presented in reference thereto, is in substance as follows: On October 23, 1914, defendant was in the business of manufacturing freight cars, having in its employ more than five persons; that in connection with its said business it used much electricity for power and light, and as a part of its manufacturing establishment maintained an extensive electric plant whereby electricity for the uses of defendant was generated; that on said day defendant was engaged in making alterations to certain of its electric appliances commonly called "bus bars"; that said bus bars and certain fuses and conductors connected with said appliances were at the time charged with a deadly current or voltage of electricity; that it was the duty of defendant, in the proper management of its factory, to guard and insulate said bus bars and electrical machinery so as to prevent the high and dangerous voltage of electricity from escaping, and it was the duty of defendant to warn and instruct inexperienced employes as to the dangers incident to working in close proximity to said bus bars, fuses and electrical machinery; that it was also the duty of defendant when making repairs to such electrical appliances to shut off the current and power; that the work of making the aforesaid alterations of said appliances required a high degree of skill on the part of defendant's employes who were ordered to do the work, and was extremely dangerous in character, so much so that it was not safe for one who was inexperienced in said work to be at or near said appliances, all as defendant well knew; that at said time plaintiff's decedent, one Gus Erickson, was in defendant's employ as an oiler and cleaner in and

about the plant, and was subject to the orders of defendant; that said Erickson, as defendant knew, was not an electrician, and had no knowledge of electricity, but nevertheless was negligently ordered and directed by defendant to remove certain bolts and nuts from said electrical appliances, which bolts and nuts were located about two feet immediately above the said highly charged electrical appliances; that defendant negligently failed to insulate and guard said highly charged appliances, and negligently failed to warn and instruct said Erickson of the danger of the work and of the dangerous character of said electrical machinery and appliances, and negligently failed to turn off the electric current at the time the work was being done; that at said time defendant negligently ordered and directed said Erickson to remove said bolts and nuts, and that, while doing said work as ordered by defendant, the body of said Erickson came in contact with the highly charged electrical apparatus, and said Erickson was by reason of the "negligent acts and omissions of defendant then and there killed; that guards and insulating apparatus were at the time in common use in well-regulated factories similar to defendant's, and might and could have been procured by defendant at moderate expense, as defendant knew;" that plaintiff does not know the name or names of the agent or agents of defendant who ordered said Erickson to perform said work, and hence "cannot more particularly allege the facts in regard thereto; for the reason that all of said facts are beyond her reach, and not within her knowledge; and that all of said facts are within the reach and knowledge of defendant."

A motion to make the complaint more specific was overruled, as was a demurrer to the complaint for want of facts. There was a trial by jury and a verdict and judgment for appellee.

Errors assigned and relied on for reversal are: (1) Action of the court in overruling motion to make the complaint more specific; (2) overruling demurrer to complaint; and (3) overruling motion for a new trial.

It is a familiar rule that, to constitute reversible error, the overruling of a motion to make a pleading more specific must be shown affirmatively to have

1. injured the complaining party. *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593; *Adams Express Co.* v. *Welborn* (1915), 59 Ind App. 330, 108 N. E. 163, 109 N. E. 420; *Terre Haute Brew. Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403. There is nothing in the record to show that appellant was deprived of any substantial right by the action of the court in overruling the motion to make the complaint more specific.

It is urged by appellant that the complaint is insufficient, in that the facts pleaded do not show decedent's injuries to have been suffered by reason of appel-

2. lant's negligence. The complaint is not a model of good pleading, but when construed in accordance with the liberal rule required by the provisions of the Code of Civil Procedure (§§343, 385, 407 Burns 1914, §§338, 376, 398 R. S. 1881), which provisions have been fully discussed in the valuable opinion of our Supreme Court, in the case of *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, we are of the opinion that the complaint states a good cause of action.

During the progress of the trial a certain physician was produced as a witness on behalf of appellee. The witness, having testified that he had had much

3. experience in treating burns caused by electricity, and having, in answer to proper questions, detailed the peculiar character of such burns, and having

further testified that as coroner he had examined the body of decedent shortly after death, was permitted, over appellant's objection, to testify that he found "electrical burns on the left breast" of said decedent, and that in his opinion the effect of a current of electricity sufficient to cause the said burns "would be death." The trial court did not err in the admission of this evidence. The nature and character of the burns found, and the effect of an electrical current sufficient to produce the same, were matters calling for expert knowledge, and, the witness having qualified as an expert, his testimony as to such matters was properly admitted.

There was no harmful error in the giving by the court of certain instructions complained of by appellant, nor in the refusal of the court to give those tendered by appellant. The instructions given by the trial court, when taken as a whole, fairly state the law of the case; and all instructions tendered by appellant and by the court refused, and which were applicable, were covered by those given on the court's own motion. Besides, it clearly appears from the undisputed evidence, and from the answers of the jury to the 567 interrogatories submitted at the request of appellant, that substantial justice has been done. *First Nat. Bank* v. *Ransford* (1914), 55 Ind. App. 663, 104 N. E. 604; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242. The record shows that the cause has been twice tried, each trial having been presided over by a judge of high attainments. At the first trial the jury returned a verdict for $5,000. The verdict and judgment at the second trial was $5,375. It is now more than six years since appellee's decedent lost his life. In our opinion there should be no further delay. We find no reversible error. Judgment affirmed.