No. 583.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY *v.* CRAY-CRAFT.

RAILROAD.—*Action Against for Killing Animal.—Negligence.—Sufficiency of Averment Concerning.*—In an action against a railroad company to recover damages for the killing of a mule, an averment in the complaint "that the defendant, without any fault or negligence on plaintiff's part, carelessly, negligently and wrongfully ran its train over and upon the plaintiff's brown horse mule," is a sufficient allegation of the particular act of negligence complained of to withstand a motion to make more specific.

SAME.—*Instruction to Jury.—Animal Running at Large.*—In such action it was not error to refuse to instruct the jury that "if the plaintiff knowingly and consentingly permitted his mule to habitually run at large in the immediate vicinity of the place where he was killed," he himself was not free from negligence and not entitled to recover where the evidence clearly showed that the animal was not running at large with the plaintiff's knowledge at the time it was killed, but, on the contrary, he had taken every precaution that a man of ordinary prudence would take to securely fasten the animal in his stable, and that it escaped without his knowledge or fault, and wandered along the street to the place on the track where it was killed.

SAME.—*Animal Securely Confined.—Escape of Without Owner's Fault.*—If, after an owner has carefully confined an animal in a properly secured place, it escapes therefrom without his knowledge or fault and wanders unattended to a public railway crossing and is there negligently injured by the company, he may recover for such injury whether there be an order of the board of commissioners allowing animals to run at large or not.

SAME.—*Failure to Ring Bell.— Unlawful Rate of Speed.—Evidence.*—Where in an action against a railroad company for the killing of an animal at a street crossing, the evidence showed that the plaintiff was without fault

or negligence, and that the defendant's train was running at the time at a greater rate of speed than that allowed by the city ordinance, and that the bell was not rung while passing over said street, it was a question of fact to be determined by the jury whether said failure to ring the bell or the rate of speed caused the injury to the animal.

PLEADING.—*Action for Personal Injuries or Damages to Property—Complaint.— Averment as to Negligence.*—A complaint to recover for a personal injury or damages to property is sufficient to withstand a demurrer when it charges the act which resulted in the injury as having been carelessly and negligently done, without alleging the specific acts constituting the negligence.

From the Clark Circuit Court.

*J. K. Marsh* and *J. H. Stotsenburg,* for appellant.

*T. A. Douglass,* for appellee.

NEW, J.—This is an action for damages. The appellee recovered judgment in the Clark Circuit Court against the appellant.

The complaint is in one paragraph, and, omitting the heading and signature, reads as follows:

"Plaintiff complains of the defendant, and says that defendant is a corporation duly organized under the laws of the State of ———, and the owner of a railroad running into and through Clark county, State of Indiana, and says that the defendant on the 31st day of May, 1889, without any fault or negligence on plaintiff's part, carelessly, negligently and wrongfully ran its train over and upon the defendant's brown horse mule, in Clark county, whereby he was then and there killed, to the damage of the plaintiff one hundred dollars, for which he demands judgment and other proper relief. The appellant moved the court in writing to require the appellee to make his complaint more specific, definite and certain in regard to the charge of negligence and carelessness. The motion was overruled and to this decision the appellant excepted, and said motion, decision and exception were properly made a part of the record by a bill of exceptions.

Appellant then demurred to appellee's complaint, alleg-

ing that the facts stated were not sufficient to constitute a cause of action, which demurrer was overruled and appellant excepted.

Appellant then answered by a general denial of each and every allegation in appellee's complaint, and upon issues thus joined the cause was tried by a jury and a verdict returned in favor of the appellee, assessing his damages in the sum of one hundred dollars.

Appellant moved the court in writing for a new trial, which motion was overruled, and to this decision the appellant excepted. Judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

The appellant has assigned the following errors in this court:

1st. The overruling of appellant's motion to make the complaint more specific.

2d. In overruling appellant's demurrer to the complaint; and,

3d. In overruling appellant's motion for a new trial.

We will consider the errors in the order of their assignment, the first being, did the court err in overruling the appellant's motion to make the complaint more particularly state the negligence or carelessness complained of? We think there was no error committed by the court in this ruling. The language of the complaint is "that the defendant on the 31st day of May, 1889, without any fault or negligence on plaintiff's part, carelessly, negligently and wrongfully ran its train over and upon the defendant's brown horse mule."

This, we think, certainly indicates very clearly the particular act of negligence or carelessness complained of. It was the careless and negligent running of the train over and upon the said mule.

It will be seen at once that said language is not the general allegation of negligence, but it goes farther and

states the particular negligence, viz: the running of the train. This, we think, was sufficient, as the appellee would not be expected to know the exact manner the engineer or others in charge of said train operated the same.

The language used in the complaint in this case is a sufficient allegation of the particular act of negligence complained of to withstand a motion to make more specific. In the case of *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297, the Supreme Court recognize the language here used as being sufficient, or as being a specific allegation of negligence.

We quote that part of the opinion referred to : " The general charge of the negligence and carelessness of the appellant was made and repeated again and again in appellee's complaint, but in no instance was this general charge predicated upon any alleged act of the appellant, either of commission or omission, what the appellant did or omitted to do, of which it could be said that it was done or omitted to be done, through the fault, negligence or carelessness of the appellant, the appellee has failed to allege in his complaint.

Had the appellant negligently and carelessly constructed its line of railroad ? or had the appellant negligently and carelessly suffered its line of road to get and remain in bad repair and in an unsafe condition ? or, again, had the appellant's employees negligently and carelessly run its train of cars over its road ? or in what did the carelessness and negligence of the appellant consist, of which the appellee complained? "

Thus it will be seen that to allege that the appellant negligently and carelessly run its train over the appellee's mule, causing the damage, is a sufficient allegation.

The next question presented is the overruling of appellant's demurrer to the complaint. The court properly overruled said demurrer. A complaint to recover for

personal injury or damage to property is sufficient to withstand a demurrer, where it charges the act which resulted in the injury as having been carelessly and negligently done, without alleging the specific acts constituting the negligence. *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160; *Kessler* v. *Leeds,* 51 Ind. 212; *Cincinnati, etc., R. R. Co.* v. *Chester, supra; Duffy* v. *Howard,* 77 Ind. 182; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551.

We have carefully examined the instructions given by the court, and find that they were extremely clear and charged the law in the case fully. Counsel for appellant particularly call our attention to instructions four and five, offered by appellant and refused by the court, and insist that the court erred in refusing to give the same to the jury with other instructions given by the court. These instructions are as follows:

4th. " If the plaintiff knowingly and consentingly permitted his mule to habitually run at large in the immediate vicinity of the place where it was killed by defendant's train, he is himself not free from negligence, and is not entitled to recover in this action."

5th. " The jury are instructed that the plaintiff can not recover damages in this case for the mule killed if the evidence shows that the mule was at large upon the streets of the city of Jeffersonville at the time it was killed, notwithstanding it had escaped from the control of the plaintiff without his fault, unless the board of commissioners had, by proper order, authorized the running at large of such animals and that said order was in force at the time said animal was killed."

In order to determine whether said instructions should have been given we must examine the evidence.

The following facts are disclosed by the evidence: The appellee's mule was killed by the appellant's train of cars on the 31st day of May, 1889, on Broadway street, in the city of Jeffersonville, Indiana; that at the time it oc-

curred the appellee lived on or near said street in said city. On the previous day the appellee had driven his said mule from Corydon, Indiana, to his home in Jeffersonville, a distance of about thirty miles. When he reached home about six o'clock in the evening he was sick and immediately went to bed, leaving his mule to be cared for by his wife; that she at once securely fastened said mule in the stable, situated near his house, where he had been in the habit of keeping it by placing across the doorway on the inside a wooden bar, then closed the door and fastened it by placing the hasp on the door over the staple and a wooden peg through the staple.

On the following morning he found the door of the stable open and his mule gone, there being nothing to show, and he was wholly unable to ascertain how said door had been opened and how said mule had escaped. Upon search being made, he found his mule on said Broadway street, where it had been killed by appellant's train of cars. The appellant's railroad track runs along and over said street, passing near to appellee's home. Said street is unimproved at the point where the mule was killed, being used by footmen, but not for wagons. Near this point on said street there is a bridge or trestle about forty or fifty feet long and six or seven feet high, said bridge being about one hundred yards north of the J., M. & I. crossing. The track is straight. The evidence further shows that the appellant's train that killed said mule left Jeffersonville at two forty-five in the morning; that before reaching said J., M. & I. crossing the train was stopped and the whistle sounded for the crossing. It was then put in motion, passing over the track in the direction of said bridge or trestle at the rate of seven or eight miles an hour to the point on said street where the mule was struck, about ten or twelve feet south of the south end of the bridge, without again sounding the whistle or ringing the bell.

The engineer testified that the night was dark and drizzling rain; that he was at his post of duty on the engine when the animal was struck. The windows of the engine cab were closed, but that he was enabled to see in front of his engine by means of the front window and headlight, but that he could not and did not see the mule until he was within ten or twelve feet of it, and then he could not stop the engine in time to avoid hitting it; that his train was a passenger train, and seeing and believing he could not prevent the collision, and believing it was best to knock the mule off the track for his own safety and the safety of the passengers, he did so.

It is further disclosed by the evidence that said railroad company is by an ordinance of said city forbidden to run its trains or cars through said city at a greater rate of speed than six miles an hour, and said ordinance also provides that said company shall not suffer or permit the whistle of any locomotive to be sounded while in said streets, but in all cases the bell shall be rung when the train is about to start and while running in said streets.

There was some evidence showing that the appellee had at times prior to said 31st day of May, 1889, allowed his mule to graze on the commons near said railroad track, being at such times watched by one of his children. However, the evidence clearly shows that said animal was not running at large with appellee's knowledge at the time it was killed, but, on the contrary, he had taken every precaution that a man of ordinary prudence would take to securely fasten said animal in his stable, and that it escaped without his knowledge or fault, and wandered along said street to the place on said track where it was killed. This being so, the fourth instruction asked by appellant was properly refused.

The fifth instruction asked the court to charge the jury that if the mule was at large upon the streets of the city of Jeffersonville at the time it was killed, notwith-

standing it had escaped from the control of the appelle without his fault he could not recover damages, unless there was in force at the time an order of the board of commissioners authorizing the running at large of such animals.

This instruction was properly refused by the court.

It has recently been decided by this court " that if the owner of an animal carefully confines it in a well-fenced inclosure or other properly secured place and without his knowledge or fault it escapes therefrom and wanders unattended to a public railway crossing and is there negligently injured by the company, he may recover for such injury, whether there be an order of the board of commissioners allowing animals to run at large or not." *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298; *Chicago, etc., R. R. Co.* v. *Fenn,* 3 Ind. App. 250.

In this case the appellee had his mule securely fastened in his stable, and it escaped without his knowledge or fault and wandered upon the public street, where it was killed by appellant's train, and if the killing was on account of the negligence or carelessness of the appellant he could recover the damage he sustained.

The evidence shows that the animal was killed without any fault or negligence of the appellee, and that the appellant's train was running at the time at a greater rate of speed than allowed by said city ordinance, that the bell was not rung while passing over said street as required by said ordinance, and it was a question of fact to be determined by the jury whether said failure to ring the bell or the rate of speed at which the train was travelling caused the injury to the animal. *Chicago, etc., R. R. Co.* v. *Fenn, supra.*

The evidence shows that the track was straight and that at the place where said mule was killed the street was used by persons traveling on foot, where the engineer knew he might meet such persons. It was his duty to be

on the lookout as he passed along and over a public street where the general public had a right to travel, and if he discovered persons or property on the railroad track and all the circumstances led him to believe that unless he stopped said train that such person or property would be killed or damaged, it was his duty to use all reasonable means in his power to prevent the same.

The jury having heard the evidence, decided and by their verdict said that it was on account of the negligence and carelessness of the appellant that said animal was killed, and after carefully examining said evidence we think their conclusion was correct.

There was no error committed by the court in overruling appellant's motion for a new trial.

The case is affirmed.

Filed Oct. 25, 1892.