## CUMBERLAND TELEPHONE AND TELEGRAPH COMPANY *v.* HATTER.

[No. 6,868. Filed November 23, 1909.]

1. PLEADING.—*Complaint.—Telegraphs and Telephones.—Failure to Light Exchanges.—Notice.*—A complaint by a patron of a telephone exchange for damages sustained in falling in such exchange because of the darkness, need not negative knowledge of such darkness. p. 626.

2. PLEADING.—*Complaint.—Telephones.—Negligently "Maintaining" Stairway.—Recitals.*—A complaint alleging that defendant telephone company negligently "maintained" an unlighted stairway, by reason whereof plaintiff was injured, imports an affirmative act, and that defendant knew thereof, and is not a recital. p. 627.

3. TRIAL.— *Interrogatories.— When Controlling.— Telephones.— Failure to Light Exchange.—Contributory Negligence.*—Answers to interrogatories showing that defendant telephone company maintained its public office on the second floor of a building, that neither the stairway nor hallway was lighted, that plaintiff, a patron, knew thereof, and that while attempting to descend from such exchange and after trying to locate the head of the stairway, he fell, to his damage, do not show contributory negligence, nor overthrow a verdict for the plaintiff. p. 627.

4. TRIAL.—*Verdict.—General.—Interrogatories.*—Answers to interrogatories to the jury overthrow a general verdict, only when in irreconcilable conflict therewith. p. 628.

5. APPEAL.— *Instructions.— Failure to File.— Trial.*— Appellant's failure to show affirmatively by the record that the questioned instructions were filed in the trial court precludes the raising of any question thereon, on appeal. p. 628.

6. TELEGRAPHS AND TELEPHONES.—*Safe Place for Patrons.*—Telephone companies are required to provide reasonably safe places for the use of their patrons in telephoning. p. 628.

From Warrick Circuit Court; *W. M. Wheeler*, Special Judge.

Action by Edgar Hatter against the Cumberland Telegraph and Telephone Company. From a judgment on a verdict for plaintiff for $900, defendant appeals. *Affirmed.*

*Sidney B. Hatfield, William S. Hatfield* and *Frank H. Hatfield*, for appellant.

*Thomas W. Lindsey, Caleb J. Lindsey* and *James L. Huston*, for appellee.

COMSTOCK, J.—Appellee brought this action against the appellant to recover damages for personal injuries alleged to have been sustained by the appellee in a building in the town of Dale, Spencer county, Indiana, a part of the second floor of which was occupied by the appellant as its exchange.

The negligent acts alleged in the complaint are that the appellant negligently maintained a certain stairway in its place of business, where the public, including the appellee, were invited; that said stairway "was almost perpendicular, had no hand- or guard-rail whatever, and that the defendant failed and neglected to provide a light of any kind for said stairway."

Issues were formed by complaint and general denial. Trial by jury resulted in a verdict and judgment in favor of appellee. With the verdict the jury returned answers to interrogatories.

The errors relied upon for reversal are the action of the court in overruling appellant's demurrer for want of facts to the complaint, its motion for judgment on the answers to interrogatories notwithstanding the general verdict, and its motion for a new trial.

It is argued in behalf of appellant that the court erred in overruling the demurrer to the complaint because it does not negative knowledge, actual or constructive, on

1. the part of appellee of the dangerous condition of the stairway, charged in the complaint, and does not

charge such knowledge or negligence upon the part of the appellant. Appellee cites a number of cases in support of the proposition, but they are cases in which the relation of master and servant existed, and are not, therefore, applicable. The case of *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, we think decisive of and against this claim of appellant. See, also, *Clements* v. *Louisiana, etc., Light Co.* (1892), 44 La. Ann. 692, 11 South. 51, 32 Am. St. 348, 16 L. R. A. 43; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Indianapolis Abattoir Co.* v. *Temperly* (1903), 159 Ind. 651, 95 Am. St. 330.

As to the second point, it is alleged that the defendant "maintained" the stairway negligently, in that it failed and neglected to provide a light of any kind for the stairway, and that the plaintiff went to appellant's place of business upon its express invitation. To maintain is an affirmative act. It implies knowledge of what the actor is doing. It is claimed too that the foregoing allegation is a recital and not the direct averment of a fact. We think that it is only a briefer way of stating that appellant requested appellee to come to its building on business, and that he did so in compliance with such request. It would be an unwarranted refinement to hold this a mere recital. The complaint is sufficient to withstand the demurrer.

It is insisted that judgment should have been rendered in favor of appellant on the answers to interrogatories, for the reason that they show that appellee was guilty of contributory negligence. The answers show that the appellee was injured, by falling down a stairway from the second floor of the building, at a time when the hall and stairway were so dark that the appellee could not see the top of the stairway; that it was dark when he went up the stairway and into the hall, and that he knew its condition, both as to location, repair and darkness when he went up, and had known its condition for some time prior; that when he afterwards came out into the hall he knew it was dark, and

he knew all about the hand-rail; that all the conditions were the same when he came into the hall, just before he fell, as they were when, prior to that time, he went up the stairway. The answers also show that there was a hand-rail on the stairway, and that the stairway was in good repair at the time appellee was injured, and that appellee made an effort to locate the head of the stairway, as he approached it, by sliding his feet on the floor; that, by reason of the darkness, he failed to locate the head of the stairway, and that he fell by reason of such failure; that appellee had used the stairway, down which he fell, on numerous occasions, and was familiar with its construction, location and condition, and that it was in its usual condition when he was hurt, except that it was dark.

We need only refer to the general rule that facts specially found overrule the general verdict only when in irreconcilable conflict therewith. We do not find such conflict in this case. *Rhodius* v. *Johnson* (1900), 24 Ind. App. 401, and cases cited.

It is insisted that the court erred in the giving and refusing to give certain instructions. Appellee makes the point that the errors claimed on the instructions cannot be considered, because they are not properly in the record, and were never filed in the court below.

Upon an examination of the record it is not shown that any instructions were filed in the court below after they were given. The claim must be allowed. Acts 1907, p. 652, §561 Burns 1908.

Appellant having invited appellee to its place of business for the purposes shown by the complaint and special findings, owed him the duty to make such place reasonably safe of access. Whether this was done was properly a question for the jury.

Judgment affirmed.