## THE VALENTINE COMPANY *v.* SLOAN.

[No. 7,848. Filed March 14, 1913.]

1. PLEADING.—*Complaint.—Sufficiency.—Initial Attack on Appeal.*
—A complaint in an action for personal injuries charging that
defendant negligently maintained steps in the aisle of its opera
house in an irregular and uneven condition, without providing
lights of sufficient power to disclose such condition, and that such
negligence was the proximate cause of plaintiff's injuries, stated
facts sufficient to bar another action for the same cause, and was
sufficient as against attack made for the first time on appeal.
p. 71.

2. THEATRES AND SHOWS.—*Injury to Persons.—Assumption of Risk.*
—The doctrine of assumption of risk does not apply in the case
of a person injured by reason of the unevenness of the steps in an
aisle of an opera house, where it appears in evidence without
contradiction that plaintiff had never been in the building before
and had no knowledge of the condition of the steps, and the jury
found that she was unable to see their condition. p. 72.

3. THEATRES AND SHOWS.—*Care Required of Proprietor.*—One who
conducts a theatre for reward or profit to which the general pub-
lic are invited, must use ordinary and reasonable care to make the
premises as reasonably safe as is consistent with the practical
operation of the same. p. 72.

4. EVIDENCE.—*Expert Evidence.—Lighting of Theatre.*—In an ac-
tion for injuries to plaintiff caused by defective steps in the aisle
of a theatre building, where the theory of the defense was that it
had provided sufficient lamps to light the theatre, it was proper
to ask an expert witness for plaintiff on direct examination as to
whether there was a better way to locate the light for the pur-
pose of distributing it in and around the steps. p. 73.

5. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—
Where, in an action for injuries caused by defective steps in a
theatre building, the jury specially found that it was dark in the
aisle so that one could not see the steps, and that defendant
negligently failed to furnish light of sufficient power to disclose
the condition of the steps, and that all the lamps provided were
not lighted, error, if any, in admitting expert testimony as to
whether there was a better way to locate the lights in the build-
ing, was harmless. p. 73.

From Circuit Court of Marion County (17,542); *Charles
Remster,* Judge.

Action by Mary F. Sloan against The Valentine Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley, Samuel D. Miller* and *W. H. Thompson,* for appellant.

*John H. Kingsbury,* for appellee.

IBACH, C. J.—Appellee brought this action and recovered judgment for $1,500 damages for personal injuries occasioned by appellant's negligence in maintaining steps in a dangerous condition in the gallery of English's Opera House at Indianapolis.    It is assigned as error and argued, (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that the court erred in overruling appellant's motion for new trial, upon the grounds that the court erred in giving certain instructions to the jury, and in admitting certain evidence.

The charging portion of the complaint is in the following words: "The plaintiff, Mary F. Sloan, complains of defendant, The Valentine Company, a corporation, and for cause of action avers that defendant maintains a public theatre, viz., English Opera House, wherein it presents for reward, public entertainments.    That in said opera house certain aisles have been constructed and maintained on an elevation in excess of 45 degrees, with steps therein of uneven and irregular width, to wit, of the dimensions approximately of the tread at twelve and sixteen inches respectively.    That for want of uniformity in tread of said steps they are deceptive and dangerous for one to descend if not familiar with said conditions.    That on evening of February 8, 1908, defendant conducted a public entertainment in said theatre, and that during and prior to said performance, said defendant with notice and knowledge of uneven and irregular tread of said steps, did negligently and carelessly fail, neglect, and omit to furnish and provide light of sufficient candle power so as to efficiently disclose and expose said uneven and irregu-

lar condition of said steps. That on evening of said February 8, 1908, at the invitation of defendant, plaintiff visited said theatre and attended an entertainment given by defendant therein; that she paid and caused to be paid to defendant the reward charged by it therefor. That at invitation and direction of defendant, plaintiff entered said theatre shortly before commencement of said entertainment, and while attempting to descend an aisle therein with said elevation in excess of 45 degrees and with said irregular and uneven steps constructed with tread at twelve and sixteen inches respectively as aforesaid, and negligently maintained by defendant without sufficient candle power light to expose and disclose said condition; that while plaintiff was so attempting to descend said aisle, she was deceived by the irregular and uneven condition of said steps, and was tripped thereby, and thrown with great violence whereby her head was injured and her forearm broken. And plaintiff charges that she did not know of uneven and irregular condition of said steps, and did not see, and could not see the condition of said steps because of negligent failure of defendant to furnish sufficient light to expose and disclose the condition of said steps.'' That by reason of said injury plaintiff has contracted certain described injuries, for which she asks damages.

It appears from the averments of the complaint that appellant was negligent in maintaining steps in the aisle of its opera house in an irregular and uneven condition, without providing lights of sufficient power to disclose such condition, and that such negligence proximately caused appellee's injury. The complaint states facts sufficient to bar another cause of action, and since appellant did not demur to it, this is all that is necessary. *Cleveland, etc., R. Co.* v. *Beard* (1913), 52 Ind. App. 105, 100 N. E. 392, and cases cited.

By instruction No. 5 the jury was told that plaintiff to recover must establish that she was injured, as alleged in

the complaint, that the defendant was negligent as alleged in the complaint, and such negligence was the proximate cause of the injury, and that she was damaged by reason of such injury. By instruction No. 6 it was told that if she failed to establish any one of these propositions, she could not recover, but if she established each of them, she should recover, unless the jury should find her guilty of negligence proximately contributing to her injury, in which latter case she could not recover. It is urged that instruction No. 6 was mandatory, and was prejudicial to defendant, in that it omitted the element of assumption of risk. We are

2. of the opinion that the doctrine of assumption of risk has no application to the case made by appellee's complaint, nor to the evidence introduced in the cause. *Indianapolis Abattoir Co.* v. *Temperly* (1903), 159 Ind. 651, 64 N. E. 906, 95 Am. St. 330; *Cumberland Tel., etc., Co.* v. *Hatter* (1909), 44 Ind. App. 625, 89 N. E. 912. This doctrine could not apply to this case under the holding in *Indianapolis, etc., R. Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918, 66 N. E. 742, relied upon by appellant, for it appears in evidence without contradiction that appellee had never been in the opera house before, and had no knowledge or notice of the condition of the steps, and the jury found that she was unable to see their condition. The instructions therefore are not open to the objections urged by appellant.

It is next urged that the court erred in permitting the witness Bedell on direct examination as plaintiff's witness in chief to answer the question as to whether there was a better way to locate the light for the purpose of distributing it in and around the steps in the north center aisle. One

3. who conducts a theatre for reward or profit to which the general public are invited to attend performances, must use ordinary and reasonable care to make the premises as reasonably safe as is consistent with the practical operation of the same. Appellant's theory of defense in this cause was that it had provided a sufficient number of lamps

Valentine Co. v. Sloan—53 Ind. App. 69.

to light the theatre. Appellee introduced evidence to show that the aisle was dark, and to show where the lamps provided were located. Appellee's counsel then asked the above question of the witness Bedell as an expert on lighting and architecture, to show that it was possible to make the aisle light, stating to the court as a justification for the question, that if the aisle was so dark as to be dangerous, and it could have been made light, then it was negligence to fail to make it light. We think this question was proper. However, the jury found in answers to interrogatories that it was dark in the aisle, and that a person could not see the steps, also that appellant negligently failed and omitted to furnish light of sufficient candle power to light up the gallery, or disclose the condition of the steps, and because of such omission or failure plaintiff was unable to see their condition, also, that all the lamps which were provided were not lighted, and that the unevenness in the tread of the steps made them unsafe to one exercising ordinary care. If the appellant was negligent in failing to furnish light of sufficient candle power, that is, in the amount of light which it furnished, it is immaterial where the lights provided were located, and if the lamps were not lighted, certainly it could make no difference where they were located. It thus appears from the answers to interrogatories that the evidence objected to did not influence the verdict, therefore, it could not harm appellant, even if it had been improperly admitted.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 102. See, also, under (1) 31 Cyc. 771; (2) 38 Cyc. 268; (5) 38 Cyc. 1435. As to what duties theatre managers and proprietors owe their patrons, see 110 Am. St. 532. As to opinion testimony in respect of the probable effect had persons acted otherwise than as they did, see 71 Am. Dec. 538. As to expert witnesses and what they may testify to, see 66 Am. Dec. 228. On the question of the liability of one maintaining place of amusement to which the public are invited, for safety of patrons, see 3 L. R. A. (N. S.) 1132; 19 L. R. A. (N. S.) 772; 32 L. R. A. (N. S.) 713; 42 L. R. A. (N. S.) 1070; 5 Ann. Cas. 926; 15 Ann. Cas. 517.