## The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company et al. *v.* Bir.

[No. 8,333.   Filed July 1, 1914.]

1. CARRIERS.—*Injury to Passengers.—Complaint.—Averment of Negligence.—Sufficiency.*—A complaint against a railroad company by a mail clerk for injuries sustained while he was in charge of a mail car, alleging that defendant placed said car on its side track, that plaintiff was required by his employment to remain upon said car, that it was defendant's custom to allow plaintiff and other mail clerks in charge of mails on its cars to enter mail cars left on such side track to perform their work, that it was defendant's duty, while plaintiff was so engaged upon said car, to protect it from being run into by the cars of another company whose track connected with such side track, but that defendant negligently failed to so protect such car and carelessly permitted the other company to run its car into and against it, so as to injure plaintiff, sufficiently showed in what the negligence of defendant consisted and was not subject to a motion to make more specific in that respect.   p. 599.

2. CARRIERS.—*Injury to Passengers.—Railway Mail Clerk.—Verdict.—Answers to Interrogatories.*—A railroad company owes to a railway mail clerk in charge of mails upon its train the same duty that it owes to passengers during all the time that he is required by the duty of his employment to be in the mail car, hence answers by the jury to interrogatories showing that at the time of the injury complained of, plaintiff, who was a mail clerk, was sitting on a stool in the car eating his lunch, are not inconsistent with a general verdict for plaintiff, in view of the fact that evidence was admissible to show that the duties of his employment required his presence in the car even while so eating his lunch.   p. 602.

3. CARRIERS.—*Injury to Passengers.—Railway Mail Clerk.—Evidence.—Admissibility.*—In an action by a railway mail clerk for injuries sustained while he was in charge of a mail car, evidence that the government paid his salary during the time that he was incapacitated by his injuries was properly excluded, since the fact of such payment could not inure to defendant's benefit in the reduction of damages.   p. 603.

4. CARRIERS.—*Injury to Passengers.—Railway Mail Clerk.—Instructions.*—An instruction, in a railway mail clerk's action for injuries received while performing his duties in a mail car on defendant's side track, stating that if plaintiff was, with defendant's consent, placed in charge of such car and such car was

with the consent and at the direction of the defendant, placed upon such side track, while plaintiff was aboard, and that if it was his duty to remain aboard and such fact was known or could have been known to defendant by the exercise of ordinary care, then it was defendant's duty to exercise ordinary care to avoid injuring him, was proper. p. 603.

5. APPEAL.—*Review.—Instructions.*—In a railway mail clerk's action for damages for injuries received while in a mail car on the company's side track, which was struck by the car of another company whose tracks connected with such side track, where there was evidence to charge the latter company with knowledge of his presence therein, an instruction that if the latter company had, or by the exercise of ordinary care could have had, knowledge of his presence in the car, it was bound to use ordinary care to avoid injuring him by running another car against such mail car, was not erroneous. p. 603.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by George P. Bir against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*M. Z. Stannard* and *John G. Williams,* for appellants.
*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

IBACH, P. J.—The first error argued is the failure of the trial court to sustain the motion of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, (hereafter referred to as the Pittsburgh company, for convenience) to make more specific each paragraph of the complaint, "(1) by setting forth therein the facts on which plaintiff bases the conclusion that the defendant was negligent, (2) by alleging the facts showing that the defendant was negligent." In brief, each of the three paragraphs of complaint alleges that appellee was a railway mail clerk in the employ of the United States government, and as such a passenger on the Pittsburgh company's train, upon which under a contract with the government, the company was engaged in carrying United States mail; that appellee, pursuant to the orders and directions of the postal authori-

ties of the United States, was in charge of a mail car brought by him from Louisville to Indianapolis, and after arriving at Indianapolis, the car was cut off from the train and put on a side track at the Union Station; that appellee was required by the postal authorities to stay in the car while on the side track to sort out mail; "that plaintiff in obedience to said orders and instructions of the United States government remained in said car so cut off and set on said side track and proceeded to sort out and work the mail therein carried and contained", and that he was a passenger of the Pittsburgh company while the car was set off on the side track; that the side track was used by the appellants in the operation of their business of common carriers at the station of Indianapolis; that it had been for a long time the custom of the appellant Pittsburgh company, to allow appellee and other mail clerks engaged and in charge of the mails on its cars to enter into the mail cars so left on the track to work the mail, which custom was well known to appellants, that said appellant, Pittsburgh company, while appellee was as aforesaid engaged in his duties in the car, should have protected it from being run into by the cars of appellant, Vandalia Railroad Company, or other companies, but that this appellant, Pittsburgh company, "disregarding its duty herein negligently and carelessly failed and neglected to in any manner protect the said mail car in which this plaintiff was then so at work and engaged in his said duties and negligently and carelessly permitted the said defendant the Vandalia Railroad Company to run its car against said car as hereinafter set forth, thereby injuring the plaintiff as hereinafter stated"; that while appellee was so engaged at work inside the mail car he was unable to see a car approaching from either direction; and while he was so at work in the car under the direction of the United State government sorting out mail and in the line of his duty as a mail clerk, the appellant Vandalia Railroad Company negligently ran a heavy Pullman car against and upon

the car in which he was at work, and caused a collision between the two cars in such a manner that appellee was thrown against the sides and floor of the car injuring him.

The allegations as to the negligence of the Pittsburgh company, above quoted directly, are not conclusions, but statements of the fact, that appellant, Pittsburgh company, failed in any manner to protect the car. It is difficult to conceive how appellee could have made his complaint more specific. He had alleged specific facts showing a duty to protect him, and a failure in any manner to perform such duty, and the manner of receiving his injury arising from such failure to protect. This was sufficient to show in what appellant Pittsburgh company's negligence consisted. He was not required to plead the manner in which he might have been protected. The averments of negligence are not conclusions, but averments of fact, and are sufficiently specific. The court did not err in overruling the motion to make more specific.

It is next urged that the motion of appellant Pittsburgh company for judgment on the answers to interrogatories should have been sustained. These answers show the location in the Union Station at Indianapolis of the side track on which the car in question was placed west of Meridian Street by appellant Pittsburgh company, and that this company had for four or five years before the accident occupied the portion of the side track on which its mail car stood when the collision occurred, whenever its mail car was at the Union Station, and had a right to have the mail car occupy such part of the track; that defendant Vandalia Railroad Company was engaged in switching cars east of the Union Station on a track with which the side track was connected, and while so engaged ran a Pullman car in on the side track and permitted it to roll westwardly along the track until it crossed Meridian Street and came into collision with the mail car; that the mail car was occupying the proper position on the side track when the collision occurred,

that the Vandalia Railroad Company knew the mail car was on the side track when it switched its Pullman car on the track; that it was not the intention of appellant, Vandalia Railroad Company, that its car should be operated across Meridian Street while the mail car was on the side track; that appellee was sitting on a stool, eating his lunch when the collision occurred which caused his injury; and that during a period of 79 days following his injury, appellee on account thereof, failed to perform his duties as mail clerk.

It is urged that these answers show that appellee was a mere licensee, not a passenger at the time of his injury, and that appellant, Pittsburgh company, owed him no duty save not to injure him wilfully. It is the rule that a carrier owes to a postal clerk accepted by the carrier as such in charge of the mails the same duty it owes a passenger. *Malott* v. *Central Trust Co.* (1907), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879; *Southern R. Co.* v. *Utz* (1913), 52 Ind. App. 270, 98 N. E. 375; 4 Elliott, Contracts §3309. But appellant, Pittsburgh company, contends that even if appellee was a passenger while riding on the train between Louisville and Indianapolis, and while giving necessary attention to the mail on the side track, yet the findings show that he was not a passenger at the time of the injury, since he was then eating his lunch in the car. We do not agree with this contention. The mere fact that he was eating his lunch is not inconsistent with the theory that he was required by the postal authorities to remain in the car while it was on the spur track, and that such presence was with the knowledge and consent of the appellants. Evidence would have been admissible to show that his superiors not only required him to work in the car, but also required him to remain therein during all the time it was on the track, and would not permit him to leave it unattended while eating his lunch, and that the remaining in the car while eating his lunch was an incident of his employment as mail clerk. In the case of *Wabash R. Co.* v. *Jellison* (1906), 124 Ill.

App. 652, where the custom was for mail clerks to sleep in a mail car while it was on a siding, and then, early in the morning, to begin sorting the mail before the car was placed in a train, the court held the clerks were passengers at all times during the night. Compare also *Domestic Block Coal Co.* v. *Holden* (1914), *post* 634, 103 N. E. 73.

It was not error for the court to refuse to permit appellee to testify that he was paid his regular salary during the time he was off duty. The fact that the government

3. paid him his salary during the time he was incapacitated from work would not inure to the benefit of appellants in reduction of damages. *Ohio, etc., R. Co.* v. *Dickerson* (1877), 59 Ind. 317; *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239, 3 N. E. 874; *Indianapolis, etc., R. Co.* v. *Bennett* (1906), 39 Ind. App. 141, 79 N. E. 389.

Objection is made to instructions Nos. 3 and 4 given. Instruction No. 3 states that if it appears by a preponderance of all the evidence that plaintiff was a postal clerk

4. in the employ of the United States government, and under the direction of the postal authorities, with the consent of the appellant, Pittsburgh company, was placed in charge of a mail car of appellant in which there was United States mail, and that the car with the consent and under the direction of said appellant, while appellee was so aboard it, if he was, was placed upon a spur track in the city of Indianapolis, and if it was appellee's duty to remain in said car in charge of the mail, while on said spur track, and such fact was known to appellants or could have been known to them by the exercise of ordinary care, then it was the duty of the appellants while using the track on which said car was so placed to exercise ordinary care to avoid injuring said appellee while in said car. This instruction was proper. Instruction No. 4 set out the circum-

5. stances of the placing of the car on the track, and of appellee's presence in the car, and stated that if appellant, Vandalia Railroad Company, had or by the exer-

cise of ordinary care could have had knowledge of his presence, it was its duty to exercise ordinary care to avoid injuring him by running another car into the mail car while it was so on the spur track. It is contended that this instruction is erroneous, because the evidence is insufficient to charge said company with knowledge We do not take this view of the evidence. Further, this instruction seems to us·even more favorable to the Vandalia Railroad Company than the circumstances demand, for it seems to us that such company would be chargeable, when its servants see passenger cars on a side track within the station, with the knowledge that persons might rightfully be on such cars, and would be under a duty to use reasonable care not to injure them.

There is evidence sufficient to sustain the verdict as to both appellants, upon the theory of the complaint. Judgment affirmed.

NOTE.—Reported in 105 N. E. 921. As to mail clerks as passengers under the law of carriers, see 61 Am. St. 99. As to the duty and liability of a carrier of passengers to a postal clerk, see 6 Ann. Cas. 863; 11 Ann. Cas. 882; 3 L. R. A. (N. S.) 218; 26 L. R. A. (N. S.) 1058. See, also, under (1) 6 Cyc. 626; (2) 38 Cyc. 1927; (3) 13 Cyc. 70; (5) 38 Cyc. 1623.