## FAUVRE COAL COMPANY *v.* KUSHNER.

[No. 23,299. Filed May 27, 1919.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Employers' Liability Act.*—Section 2 of the Employers' Liability Act (Acts 1911 p. 145, §8020b Burns 1914) makes no distinction between general and special orders; hence, in a servant's action for injuries alleged to have resulted from an order, etc., it is not necessary to allege whether the order was general or special. p. 322.

Fauvre Coal Co. *v.* Kushner—188 Ind. 314.

2. PLEADING.—*Definiteness.*—In a miner's action for injuries, an allegation that the plaintiff was, by instructions of the defendant, sitting on a car loaded with dirt while driving down a mine entry, was a direct averment of the fact that the defendant had instructed the plaintiff to sit on such car while driving down the entry. p. 323.

3. PLEADING.—*Motion to Make More Specific.*—Where a motion to make the complaint more specific might properly be sustained, it is not error to overrule it if the pleading is sufficiently specific to make apparent the precise nature of the charge that the defendant is called upon to meet and defend. p. 323.

4. PLEADING.—*Conclusions.—Waiver of Objection.*—If no motion is made to require a party filing a pleading to state the facts necessary to sustain conclusions alleged, all objections to the pleading of such conclusions are waived, in view of §343a Burns 1914, Acts 1913 p. 850. p. 324.

5. PLEADING.— *Construction.— Inferences.— Demurrer.*—A complaint to which a demurrer has been filed will be deemed sufficient whenever the necessary allegations, even though stated illogically and by way of argument, can be fairly gathered from it, and all facts will be deemed stated that can be implied from the allegations made by fair and reasonable intendment, and will be given the same force as if directly stated. p. 325.

6. PLEADING.—*Positiveness.—Participial Phrases.*—The rule requiring every material fact to be positively and directly alleged has been relaxed, and a fact pleaded by means of participial phrases will be given the same force and effect as though directly stated. p. 325.

7. MASTER AND SERVANT.—*Action for Injuries.—Complaint.*—A servant's complaint for injuries is not insufficient on demurrer merely on the ground that certain material facts are not directly averred and that their existence is left to inference. p. 325.

8. NEGLIGENCE.—*Jury Question.*—Where the facts set out in a servant's complaint for injuries are reasonably susceptible to more than one inference or conclusion as to the existence of negligence or contributory negligence, the question is for the jury. p. 325.

9. MASTER AND SERVANT.—*Action for Injuries.—Complaint.*—A servant's complaint for injuries need not specifically allege that a duty was owing from the master, where the facts pleaded are sufficient to warrant an inference of such fact. p. 326.

10. MASTER AND SERVANT.—*Action for Injuries.—Complaint.*—A

servant's complaint showing that the defendant owed the plaintiff a duty and containing a general charge of negligent failure to discharge such duty which resulted in the injury complained of is sufficient to withstand a demurrer.   p. 326.

11.  APPEAL.—*Bill of Exceptions.—Filing.*—Where a record fails to show a compliance with §661 Burns 1914, Acts 1911 p. 193, relative to the extension of time for the filing of a bill of exceptions, but shows that the statute was ignored, an order extending the time therefor was void, and a bill of exceptions filed during the extended time is not in the record.   p. 327.

12.  APPEAL.—*Matters Reviewable.—Instructions.*—An objection that the court erred in giving certain instructions because they were not applicable to the evidence and because they assumed certain facts to be true, where there was conflict in the evidence, presents no question for review in the absence of the evidence from the record.  p. 328.

From Vigo Circuit Court; *Samuel D. Royse*, Special Judge.

Action by John Kushner, by his next friend, against the Fauvre Coal Company. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under Acts 1901 p. 590, §1405 Burns 1914.)   *Affirmed.*

*Royse, Dix & Cooper*, for appellant.

*Charles S. Batt* and *Walter S. Danner*, for appellee.

WILLOUGHBY, J.—This was an action by appellee against appellant to recover damages for personal injuries alleged to have been received by appellee while he was working in appellant's coal mine. The complaint counts on a liability under the Employers' Liability Act of March 2, 1911, and is in one paragraph.

The appellant filed a motion to require the plaintiff to make his complaint more specific and more definite and certain, and also filed a demurrer alleging that said complaint did not state facts sufficient to constitute a cause of action against defendant. Both of these were overruled, and the appellant then filed an answer in general denial to the complaint and the cause was sub-

mitted to a jury, resulting in a verdict for appellee in the sum of $3,000, on which judgment was rendered; and from such judgment appellant appeals.   The errors relied on for reversal are:   (1) The court erred in overruling the motion of appellant to require the appellee to make the amended second paragraph of complaint (his complaint herein) more specific and more definite and certain.   (2) The court erred in overruling appellant's demurrer to the amended second paragraph of complaint.   (3) The court erred in overruling appellant's motion for a new trial.

The complaint alleges:   That the plaintiff is an infant under the age of twenty-one years; that the defendant is now and was on and for a long time prior to December 2, 1912, a corporation duly organized and existing under and by virtue of the laws of the State of Indiana, and is engaged in business, trade and commerce in Vigo county, State of Indiana, and did on and before December 2, 1912, and does now, employ more than five men; that the defendant is engaged in mining and selling coal, and has a mine located in Vigo county, Indiana, known as Ice Plant Mine No. 2; that plaintiff, on December 2, 1912, was a driver for the defendant in its said mine, and as such driver he was employed by defendant to drive in, along and through various entries of its said mine, among which was an entry in defendant's mine known as the "main east entry"; that the defendant now has, and for a long time prior to December 2, 1912, had, a shaft sunk from the surface of the earth to the bed of the coal beneath—a distance of some 200 feet—and at the bottom of said shaft had entries leading out from the shaft, and cross-entries leading from the main entries, and rooms turned off from the main and cross-entries; that leading off from the bottom of said shaft was one entry known as the main east entry; and that on said main east entry the defendant for a long time

prior to December 2, 1912, had tracks laid on said main east entry, composed of iron rails placed on wooden cross-ties, and over said tracks cars were drawn by means of mules up to the switch known as the "double parting" in said main east entry, from which double parting the cars were hauled on said main east entry to the bottom of the shaft, to be hoisted through the shaft to the surface of the earth. Plaintiff further avers that he had, prior to December 2, 1912, been employed as a coal digger, and was employed in room 7, turned off ———— entry, turned off ———— entry; that the defendant had in its employ William Brown, who was the mine boss in charge of the defendant's said mine, said Brown having full charge of said mine, and full authority to hire and discharge all the employes in said mine, including this plaintiff, and he had charge of the work, machinery, and the placing and disposing of, hiring and discharging employes therein; that on December 2, 1912, the said William Brown, mine boss of defendant as aforesaid, instructed this plaintiff to drive a mule in the hauling of coal, dirt, rock and slate from the various parts of the mine to the bottom of said shaft, and that among the entries he had to travel in the work assigned to him by the said mine boss was the said main east entry, and that he did travel through the said main east entry in the performance of his work, and doing the duties assigned to him by the said mine boss, Brown, as aforesaid; that on December 2, 1912, plaintiff was under the direction of the defendant, through its said mine boss, Brown, as aforesaid, hauling a carload of dirt through the said main east entry; that attached to said car was a mule, which this plaintiff was driving for the purpose of hauling said car of dirt as he was instructed to do by the said defendant; that the top of said car which he was driving as aforesaid extended up to within about one foot of the roof of

said main east entry. And plaintiff avers that in driving down said main east entry he was, in accordance with the custom, rules and usage obtaining and existing in defendant's mine, and with the knowledge and consent of defendant, and by the instructions of defendant, sitting on said car of dirt, and that it was necessary for him to bend his body forward so as to prevent it from being struck by coming in contact with the roof, which roof was about one foot above the car as aforesaid. Plaintiff further avers that as he was driving down said main east entry as aforesaid, and under said roof, at a point about —— feet from the bottom of the shaft, a large boulder was carelessly and negligently suffered and permitted, and for a long time had been suffered and permitted, to project out and down from the roof for a distance of some six inches, and it thus and thereby came in contact with and jammed against plaintiff's shoulders, injuring him as hereinafter described. That said boulder had for a long time prior to December 2, 1912, carelessly and negligently been suffered and permitted to project out and down from the roof, and had by the defendant been carelessly and negligently permitted to thus be and to thus remain in said roof, although it was likely to injure this plaintiff or anyone else driving through the mine, while riding upon a mine car, in the usual course of their work; that the said main east entry was used by the employes of defendant in driving through said entry during various times every working day, in the discharge of the defendant's business; and plaintiff avers that said stone carelessly and negligently projecting out and down from the said roof of the said main east entry as aforesaid did strike this plaintiff's left shoulder and the top of his back, and the said car in which the plaintiff was riding was moving forward rapidly at said time, and the said projecting stone did wedge this plaintiff

down against and onto the said car in which he was riding, and did so firmly wedge this plaintiff between the said projecting stone and the said car that it stopped the said car, and the mule attached to said car continued to pull forward, but was unable to move said car on account of the plaintiff being wedged in between the top of said car and the said projecting stone from the roof as aforesaid; that the mule, in pulling forward, did further mash this plaintiff so that he was thrown off to the side of the car in an unconscious condition, and remained unconscious for more than one hour, and further injuring this plaintiff by causing a curvature of the dorsal vertebrae of the spine of this plaintiff, and of the sixth, seventh, eighth, ninth, tenth and eleventh dorsal vertebrae; and did jam and injure the entire back and spine and the back of both shoulders of the plaintiff, and did bruise the top and the back of his head, and did puncture and injure both his lungs, and bruise and injure his bowels, kidneys, stomach, and did crush and crowd his stomach, bowels and lungs downward in his body, which produced paralysis of the spinal nerves and displacement of the stomach, bowels, kidneys and liver, and did crowd and push his bowels down into his pelvic cavity, all to the permanent injury of the plaintiff, and said injuries as aforesaid did affect all the nerves in the body of this plaintiff, which has left him a nervous wreck, and has resulted in injury to his mental condition, causing him lapse of memory and partial loss of mind. Plaintiff avers that before said injuries, he was a strong able-bodied man of twenty years, capable of earning and did earn $5 per day as a coal miner, and that since this injury plaintiff has not been able to do any work, and is permanently injured. Plaintiff avers that said injury was caused solely by the carelessness and negligence of the defendant as aforesaid in carelessly and negligently having and permitting a boulder

or stone to project out of the said roof in the said main east entry, a distance of six inches, in such a manner as to cause it to come in contact with the bodies of drivers in the usual course of their work as aforesaid, and plaintiff has been injured by said carelessness and negligence of the defendant in the sum of $10,000, for which he demands judgment.

The appellant, in arguing its motion to make the complaint more definite and certain, said: "The theory of the complaint is that plaintiff was a strong able-bodied man of twenty years, and that his work was that of a mule driver. That the defendant permitted a stone or boulder to project six inches down from a roof in an entry through which plaintiff's work required him to go. That the top of the car furnished to plaintiff came within one foot of the roof. That plaintiff sat on top of the car because he was ordered to do so by the defendant." On these facts the appellant asserts that the complaint would be demurrable as showing contributory negligence on the part of plaintiff, except as it might be saved by the averment "in accordance with the custom, rules and usage obtaining and existing in defendant's mine, and with the knowledge and consent of defendant, and by the instructions of defendant," in other words, the averment of obedience to an order.

It will be observed that the appellant says that the complaint alleges that plaintiff sat on *top* of the car. An examination of the complaint shows that it does not contain such allegation. It does not state whether the plaintiff was riding on *top* of the car or on the side of the car or on the bumpers, but simply that he was sitting on said car of dirt. The allegation in that respect is as follows: "And plaintiff further avers that in driving down said main east entry he was, in accordance with the custom, rules and usage obtaining and

existing in defendant's mine, and with the knowledge and consent of defendant, and by the instructions of defendant, sitting on said car of dirt."

In another place in the complaint it states: "And plaintiff further avers that said stone carelessly and negligently projecting out and down from the said roof of the said main east entry, as aforesaid, did strike this plaintiff's left shoulder and the top of his back; and the said car *in* which the plaintiff was riding was moving forward rapidly at said time."

The appellant has not included in his motion to make more definite and certain any request that the plaintiff be required to state upon what part of the car he was riding, but simply assumes that he was riding on *top* of the car. The appellant further says in argument on said motion: "The complaint is sought to be bottomed on the averment that plaintiff sat on top of the car because of. and in obedience and conformity to the order of defendant. That such order was a breach of defendant's duty to plaintiff and eliminated the defense of defendant that on the face of the pleading, plaintiff was guilty of contributory negligence of such nature as that it contributed to the proximate cause of the damage, and that the appellant had a right to have the alleged instruction set out in substance or tenor so as to show whether it was a general instruction or a specific order." And appellant contends that the order for the giving of which the master can be held liable must be a special order as contradistinguished from a general order.

It was not necessary to show by any allegation in the complaint or in any manner whether the order alleged was general or special, and the defendant's contention in this regard cannot be sustained because it has been held that §2 of the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020b Burns

1914) makes no distinction between general and special orders. *Vivian Collieries Co.* v. *Cahall* (1915), 184 Ind. 473, 110 N. E. 672.

The allegation in the complaint that the plaintiff was, by the instruction of the defendant, sitting on said car of dirt while driving down said main east entry, 2. was a direct averment of the fact that defendant had instructed the plaintiff to sit on said car of dirt while driving down said entry. *Cumberland Tel., etc., Co.* v. *Hatter* (1909), 44 Ind. App. 625, 89 N. E. 912; *Pittsburgh, etc., R. Co.* v. *Bir* (1914), 56 Ind. App. 598, 105 N. E. 921.

In the case of *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3, 80 N. E. 845, an allegation of the complaint which sought to establish a duty toward the plain-3. tiff at the place where he was working was that "in obedience to such order, he went between said cars and proceeded to adjust the couplers, using due care." Speaking generally of the merits of a motion to make the complaint more specific, the court said that "each paragraph of amended complaint fully meets the requirements of good pleading, and the several motions to make the same more specific were properly overruled." In the case of *Ohio, etc., R. Co.* v. *Craycraft* (1892), 5 Ind. App. 335, 32 N. E. 297, it was held that a complaint alleging " 'that the defendant on the 31st day of May, 1889, without any fault or negligence on plaintiff's part, carelessly, negligently and wrongfully ran its train over and upon the defendant's brown horse mule,' " was sufficiently specific. Where a motion to make more specific might properly be sustained, it is not reversible to overrule it if the pleading is sufficiently specific to make apparent the precise nature of the charge the defendant is called upon to meet and defend, since he is not harmed by overruling such motion. *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403.

It was not error to overrule appellant's motion to make the complaint more specific.

The defendant in the memorandum attached to its demurrer for want of facts asserts that the allegations in the complaint are mere conclusions and recitals of the pleader, and that the complaint on its face affirmatively shows contributory negligence. This contention cannot be sustained. As to recitals and conclusions the act of April 30, 1913 (Acts 1913 p. 850, §343a Burns 1914), provides that all conclusions stated in any pleading, paper or writing shall be considered and held to be the allegation of all the facts required to sustain said conclusion when the same is necessary to the sufficiency of said pleading, paper or writing, and further provides that, as against such conclusions, only the following remedy is given: That a motion may be made to require the party filing such pleading, paper or writing to state the facts necessary to sustain the conclusion alleged, setting out therein the facts claimed to be necessary thereto. If no such motion is made and ruled upon, all objections on account thereof are waived. It also provides that all recitals in such pleading, paper or writing shall be considered and held to be allegations of fact whenever necessary to the sufficiency thereof. In this case the defendant did not make any motion claiming that the allegations of the complaint were conclusions and to require the plaintiff to state the facts necessary to sustain the conclusions alleged, setting out therein the facts claimed to be necessary thereto. The complaint charges appellant with failure to furnish appellee with a safe place in which to work, and it describes the place and states why it was unsafe, and states the injury resulting from such breach of duty. It also shows by averment that the appellee was in the line of duty when injured, and that he was working under the instructions of the defendant.

In construing a complaint where a demurrer is interposed, ·it will be deemed sufficient whenever the necessary allegations can be fairly gathered from all

5. the averments, even though stated illogically and by way of argument, and all facts will be deemed stated that can be implied from the allegations

6. made by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Valparaiso Lighting Co.* v. *Tyler* (1911), 177 Ind. 278, 96 N. E. 768; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666. The rule that every material fact must be positively and directly alleged has been relaxed, and a fact pleaded by means of participial phrases will be given the same force and effect as though directly stated. *Darter* v. *Grubb* (1913), 56 Ind. App. 206, 102 N. E. 843.

A complaint in a servant's action for personal injuries is not insufficient on demurrer merely upon the ground that certain material facts are not directly

7. averred, and that their existence is left to inference. *Vivian Collieries Co.* v. *Cahall, supra.*

When the court can perceive that reasonable men might honestly differ in their conclusions, and the facts set out in the complaint are of a character to be

8. reasonably subject to more than one inference or conclusion as to whether negligence or contributory negligence exists, the question is one for the jury, and cannot be determined as one of law. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005.

The complaint in this case shows a legal duty owing by the appellant to the appellee—to use reasonable care —to make the working place of appellee safe for

9. the kind of work which he was doing, a breach of that duty by the appellant, and injury to the appellee as a result of that breach of duty.    The

10. complaint need not specifically allege that a duty was owing from defendant to the plaintiff, since the existence of a duty depends upon the facts alleged, and the law will imply its existence where the facts pleaded warrant such inference. *Pennsylvania Co.* v. *Sears* (1894), 136 Ind. 460, 34 N. E. 15, 36 N. E. 353; *Rock Oil Co.* v. *Brumbaugh* (1915), 59 Ind. App. 640, 108 N. E. 260; *Bedford, etc., R. Co.* v. *Rainbolt* (1885), 99 Ind. 551.   A complaint showing that defendant owed the plaintiff a duty and containing a general charge of the negligent failure to discharge that duty which resulted in the injury complained of is sufficient to withstand a demurrer. *Kinmore* v. *Cresse, supra.*   The court did not err in overruling the demurrer to the complaint.

The appellant assigns as error that the trial court erred in overruling appellant's motion for a new trial. The questions which appellant seeks to present under this agreement depend upon the bill of exceptions containing the evidence.   The appellee asserts that this bill of exceptions is not properly in the record and is not before this court.

The record shows that on April 10, 1915, the motion for a new trial was overruled, and ninety days given in which to file a bill of exceptions, and on June 14, 1915, the time within which to file a bill of exceptions was extended ninety days from said June 14, 1915, and that on August 21, 1915, the bill of exceptions was filed with the clerk of the Vigo Circuit Court, and that said bill of exceptions had been presented to the trial judge for settlement and signature on August 20, 1915.   The time granted in the original order for filing the bill of exceptions expired July 9, 1915.

The only proceedings had in this cause to secure an extension of time were had on June 14, 1915, the entire proceedings being as shown by the record herein, as follows: "Comes now the defendant herein by its counsel aforesaid and asks the court for an extension of time within which to file a bill of exceptions herein, which said request of defendant the court now grants. It is therefore ordered by the court that the time of said defendant within which to file said bill of exceptions be and the same is hereby extended ninety days from this 14th day of June, 1915."

Section 661 Burns 1914, Acts 1911 p. 193, provides that, whenever time has been given in which to file a bill of exceptions containing the evidence, and the party to which such time was given is unable to tender such bill of exceptions within the time given on account of the failure or inability of the court reporter to prepare and furnish a transcript of the evidence, the court during any subsequent term of such court, or the judge thereof in vacation, may grant a reasonable extension of the time already granted within which to file such bill of exceptions, under the following provisions: (1) The party asking for the extension of time shall file a written application under oath that said party is unable to tender such bill of exceptions within the time given on account of the failure or inability of the court reporter to prepare and furnish a transcript of the evidence. (2) The party asking such re-extension of time shall give the opposite party or his attorneys of record at least three days' notice of the time when and the place where said application would be heard. (3) The application must be made and a time for the hearing thereof set for a day prior to the expiration of the time first given. (4) No extension of time shall be granted in any case unless it is shown that such failure or inability of the court reporter was not

caused by the negligence of the party asking such re-extension of time.

The record does not show a compliance with the statute, §661 Burns 1914, *supra,* but shows that said statute was ignored.   Under the facts as shown by the record the order extending the time for filing the bill of exceptions is void, and said bill of exceptions is not in the record.   *English* v. *English* (1914), 182 Ind. 675, 107 N. E. 547; *Richmond Light, etc., Co.* v. *Rau, supra.*

The appellant claims that the court erred in giving certain instructions because they were not applicable to the evidence and because they assumed certain facts to be true when there was a conflict in the evidence regarding such facts.   In the absence of the evidence it cannot be held that there was error in regard to the instructions given or in relation to the refusal to give those tendered.   *Richmond Light, etc., Co.* v. *Rau, supra.*

No reversible error being shown in the record, the judgment is affirmed.

NOTE.—Reported in 123 N. E. 409.